Melissa R. Theriault, #6-4266
Alexander R. Taylor #8-7252
Woodhouse Roden Ames & Brennan, LLC
1912 Capitol Ave., Suite 500
Cheyenne, WY 82001
(307) 432-9399
melissa@wrablaw.com
alex@wrablaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TAN BOON KIAT, a.k.a STEVE TAN, AS INDIVDUAL; | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Case No. 2:25-cv-00214-KHR |
| LUCAS EMANUEL URIA THEIS, a.k.a LUKE BELMAR, AS INDIVIDUAL; LARA ELYSE URIA THEIS, AS INDIVIDUAL; CAPITAL CLUB LLC, A WYOMING LIMITED LIABILITY COMPANY; | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Capital Club LLC, Lucas Uria Theis, a.k.a. Luke Belmar, and Lara Uria Theis by and through counsel, Melissa R. Theriault of Woodhouse Roden Ames & Brennan, LLC, hereby submit this *Memorandum in Support of Defendants' Motion to Dismiss*.

## I.    BACKGROUND

Rule 8(a) demands that a complaint be concise and directed toward articulating legitimate claims for relief. Plaintiff's pleading, however, functions more as a publicity vehicle—replete with inflammatory rhetoric intended to disparage Defendants and harm their business—than as a properly framed statement of claims. Plaintiff is not even hiding this intent and suggests as much

in his Complaint. *See* Complaint, ¶ 4. Plaintiff's improper purpose in initiating this action is further underscored by the Complaint's complete failure to plead the essential elements of any viable cause of action, as well as by Plaintiff's continued online campaign to disparage Defendants and their business operations. Such conduct demonstrates that this lawsuit is not a legitimate attempt to seek judicial redress, but rather a continuation of Plaintiff's broader effort to harass and defame Defendants through both litigation and public channels.

While the 19-page Complaint requires careful parsing to piece together Plaintiff's theory and the allegations against Defendants, the underlying dispute is, at its core, a simple one:

Defendant Lucas Uria Theis ("Defendant Luke") was the sole organizer of Capital Club, LLC and Plaintiff was never a member, shareholder, owner or partner in this Wyoming entity. Years later, Plaintiff and Defendant Luke engaged in discussions regarding the potential formation of a broader business venture based in Hong Kong (the "Capital Club Business"). This venture was intended to utilize Hong Kong entities formed by Plaintiff—including one known as Capital Club Holdings Limited and another one owned, at the relevant times, by Plaintiff's brother, called CC International Limited ("CCIL") —to create an international 50/50 partnership in Hong Kong and outside the State of Wyoming. *See Affidavit of Defendant Lucas Uria Theis* ¶¶ 7–10. Attached hereto as **Exhibit A** and incorporated herein is the *Affidavit of Defendant Lucas Uria Theis*

Even though the Capital Club Business began in the United States and had operations in Hong Kong as a "50/50 partnership" Plaintiff and Defendant Luke never formally and legally materialized as to the terms or structure of such a venture. Nevertheless, Plaintiff has now filed this action in this Court asserting claims against (i) a Wyoming entity, despite alleging no wrongful conduct by that entity against Plaintiff and while Plaintiff was never a member, shareholder, or owner thereof; (ii) Defendant Luke, who has never set foot in the State of Wyoming and lacks any

relevant contacts with this forum; and (iii) Defendant Lara Uria Theis ("Defendant Lara"), who also has no Wyoming connections. Such allegations fail to establish any cognizable basis for jurisdiction or liability as to any Defendant.

While Plaintiff's Complaint fails for many reasons, at issue in this *Motion to Dismiss* are the following:

1) This Court lacks personal jurisdiction over the Luke and Lara Theis; alternatively,[1]

2) This Court is not the proper venue;

3) Plaintiff fails to allege fraud with particularly; and

4) Plaintiff fails to state a claim upon which relief can be granted.

## II.    <u>STATEMENT OF FACTS</u>

Even assuming, *arguendo* for purposes of this Motion, that Plaintiff's factual allegations are correct, the alleged facts are as follows:[2]

1.    Capital Club LLC was organized by Lucas Uria Theis in Wyoming ("Defendant Luke"). Complaint ¶ 8.

2.    Plaintiff's contention that, in May 2022, he and Defendant Luke "agreed to co-found Capital Club, a business focused on digital entrepreneurship, education, and community-building" is directly contradicted by his earlier statement and the irrefutable fact that Capital Club LLC was organized in July 2021, in the State of Wyoming by Defendant Luke. *See* Complaint ¶¶

_____

[1] "[J]urisdiction generally must precede merits in dispositional order." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

[2] Defendants do not concede Plaintiff's recitation of facts but acknowledge that for purposes of the Motion to Dismiss, Plaintiff's allegations are generally considered true.

8, 25 and *Affidavit of Defendant Lucas Theis* ¶ 4. Plaintiff is therefore either referring to an entirely different business—such as the Capital Club Business venture or Capital Club Holding Limited—or Plaintiff is making a self-contradictory assertion that directly undermines his own credibility and the plausibility of his claims.

3.    Capital Club LLC operated as a financial conduit for business activities for Defendants Luke and Lara. Complaint ¶ 8.

4.    No ownership or ownership of trademark of Capital Club LLC was ever transferred to Plaintiff.

5.    "Plaintiff invested over $4 million money drawn from Capital Club's operating revenue into the company's infrastructure." Complaint ¶ 1.[3]

6.    Plaintiff used his "personal resources and connections" to provide Defendant Luke with podcast interviews, for which Plaintiff claims credit to Defendant Luke's social media growth. Complaint ¶ 33.

7.    Plaintiff and Defendant Luke had discussions about a "buy out of Capital Club"; however, as noted above, this is not the Wyoming entity, Capital Club LLC and instead was referring to the Capital Club Business, the nexus of which was centered around CCIL and Capital Club Holding Limited, neither of which is in Wyoming.[4]

---

[3] Plaintiff alleges that he invested $4.15 million into the business for media, marketing, infrastructure, and events, payroll, and worth of interest-free loans to the business. Complaint ¶ 30.

[4] Plaintiff never even signed over Defendant Luke's shares of CCIL—a Hong Kong entity—despite Defendant Luke working full-time for the company. *Affidavit of Lucas Uria Theis*, ¶ 9.

### III.   **PERSONAL JURISDICTION**

#### A.   **STANDARD OF REVIEW**

The standard for a motion to dismiss due to lack of personal jurisdiction is well and long-established. Plaintiff carries the burden of proving personal jurisdiction over each Defendant. *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). However, unless the Court takes evidence other than Affidavits and written material, Plaintiff need only make a *prima facie* showing. "[T]he determination involves an application of the law to the facts as set forth in the affidavits and complaints, favoring the plaintiff where a conflict exists, as well as a determination as to the legal sufficiency of plaintiff's jurisdictional allegations in light of the facts presented" *Christian v. Loyakk, Inc*, 650 F. Supp. 3d 1242, 1265 (D. Wyo. 2023) (citing *Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)).

> In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits. However, only the **well pled facts** of plaintiff's complaint, **as distinguished from mere conclusory allegations**, must be accepted as true.

*Ten Mile Indus. Park,* 810 F.2d at 1524. (emphasis added) (internal citations omitted) (citing *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976)).

#### B.   **LAW AND ANALYSIS**

##### 1)   **The Court has no Personal Jurisdiction over Defendants Luke and Lara Theis*:***

Due process demands that a Court take no action on a Plaintiff over whom it has no personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Plaintiff ostensibly brings this claim under this court's diversity jurisdiction. Complaint ¶ 10. Capital Club LLC is a single-member limited liability company organized in the State of Wyoming

with its principal office located in Puerto Rico and its mailing address in Florida. *Affidavit of Lucas Uria Theis* ¶ 5(e)–(f). Plaintiff alleges he is a resident of Singapore and that Defendant Luke is a resident of "Puerto Rico or Florida".[5] Complaint ¶¶ 5, 6. Plaintiff makes no allegation as to Defendant Lara's specific state of residence; however, she is a resident of Puerto Rico. *Affidavit of Lara Uria Theis* ¶ 2. Attached hereto as **Exhibit B** and incorporated herein by reference is the *Affidavit of Lara Uria Thesis*.

Plaintiff bears the burden of showing that this Court's "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1074 (10th Cir. 1995). Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law in determining their personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). Wyoming's long-arm statute allows jurisdiction to be exercised consistent with and to the extent allowed under the United States Constitution. WYO. STAT. § 5-1-107. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citation omitted).

### 2)    The Court Lacks Specific Jurisdiction over the Defendants

There are two types of personal jurisdiction – specific and general. Specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's

---

[5] Defendant Luke is a resident of Puerto Rico.

regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (external citation omitted). When a court has specific jurisdiction, it is "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (external citation omitted).

As every law student learns, the oft cited and well-studied *International Shoe* case instructs that due process demands minimum contacts with a state before a Defendant can be hauled into a foreign Court. "Consistent with due process, a court may exercise specific personal jurisdiction over a non-resident defendant only when that defendant has the requisite "minimum contacts" with the forum state, such that having to defend the lawsuit there would not "offend 'traditional notions of fair play and substantial justice.'" *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

"[T]he Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' [a] defendant's forum-related activities." *Eighteen Seventy, LP* 32 F.4th at 966 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071, 514 F.3d 1063 (10th Cir. 2008) (quoting *Burger King*, 471 U.S. at 472, 105 S.Ct. 2174); *accord XMission*, 955 F.3d at 840.) *See also Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). Upon a showing of these first two prongs, the Court must then determine whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Dudnikov*, 514 F.3d at 1071 (citing *Int'l Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154).

None of these threshold issues can be met in this case, nor are they alleged. None of the Defendants, but certainly not Defendants Luke and Lara have or are alleged to have "**purposely**

**directed"** their activities to Wyoming. Rather, Plaintiff makes an unsupported conclusory statement that Defendants "purposely directed conduct toward and through Capital Club LLC as an alter ego" as the mechanism to confer jurisdiction on this Court. Complaint ¶ 12.

To determine whether Plaintiff meets the purposeful direction standard, the Court applies the "effects" test as outlined in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Eighteen Seventy, LP*, 32 F.4th at 966–67. Each element must be individually proven and are as follows:

> (1)    an intentional action;
> (2)    expressly aimed at the forum state; and
> (3)    knowledge that the brunt of the injury would be
>        felt in the forum state.

*Id*. at 967. *See also Dudnikov* 514 F.3d at 1072 (10th Cir. 2008). "As the proponent of jurisdiction, plaintiffs must demonstrate each element of the effects test to satisfy the purposeful direction standard; that is, plaintiffs' failure to establish even one of the elements will doom their showing of purposeful direction. *Eighteen Seventy, LP*, 32 F.4th at 967.

For purposes of this Motion to Dismiss, the Court must accept as true the well-pleaded factual allegations of the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007). Even applying this liberal standard, the Complaint contains no allegations showing that Defendants' conduct arose from forum-related activities or that they purposefully directed any conduct toward Wyoming or its residents. To the contrary, Plaintiff resides in Singapore, Defendant Luke resides in Florida or Puerto Rico, and Capital Club LLC is merely a Wyoming-organized entity with no operations or meaningful connections to the state.

The Complaint identifies no substantive connection between this dispute and the State of Wyoming. Plaintiff does not allege that the company's principal place of business is located in Wyoming, that any relevant transactions occurred there, or that any Wyoming residents were involved. By contrast, the Tenth Circuit has found personal jurisdiction only where defendants purposefully directed their conduct at the forum state. *See Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013) (finding personal jurisdiction where defendants "expressly aimed" their conduct at Oklahoma, knowing the affected entity operated exclusively there). As later clarified in *Eighteen Seventy, LP*, the critical factor was not merely the company's incorporation or headquarters, but that its business activities relevant to the alleged misconduct were conducted entirely within the forum state. *Eighteen Seventy*, LP, 32 F.4th at 974.

Plaintiff lobs a series of sweeping and unsupported claims about financial dealings, online conduct, podcast appearances, and content creation. But not once does he allege that any of these supposed activities occurred in Wyoming, arose from Wyoming-based operations, or were in any way directed toward Wyoming or its residents. *See* Complaint ¶¶ 30-33.

Plaintiff likewise cannot satisfy the third *Calder* factor, which requires a showing that Defendants knew the brunt of the alleged harm would be felt in the forum state. The Complaint is devoid of any allegation that the effects of Defendants' conduct were experienced in Wyoming, or that Defendants had knowledge of such impact. Because the absence of this element precludes a finding of specific jurisdiction, the claims against Defendants must be dismissed for lack of personal jurisdiction.

### 3)    The Court lacks General Jurisdiction Over Defendants

Further, the Complaint's deficiencies also demonstrate this Court has no general jurisdiction over Defendants Luke and Lara. "As [the Supreme] Court has increasingly trained on

the relationship among the defendant, the forum, and the litigation *i.e.,* specific jurisdiction, general jurisdiction has come to occupy a less dominant place in the contemporary scheme. *Daimler AG v. Bauman*, 571 U.S. 117, 132–33, 134 S.Ct. 746, 758, 187 L.Ed.2d 624 (2014) (internal citations omitted). General jurisdiction determinations require Plaintiff make a *prima facie* showing of Defendant's continual contacts in the State of Wyoming. "General jurisdiction is available when the defendant's contacts with the forum state are continuous and systematic." *See Bauman*, 134 S. Ct. at 754.[6]

As noted above, general jurisdiction must allege continuous or systematic contacts with the State of Wyoming. The Complaint does not make such allegations, nor can it. Defendant's Luke and Lara have never been to Wyoming, have no offices in Wyoming, do not have Wyoming real property, do not have any personal property in Wyoming, do not maintain accounts in Wyoming banks, and have no Wyoming phone numbers. *See* Exhibits A and B. Plaintiff fails to make any showing of general jurisdiction over Defendants Luke and Lara and this Court, finding none, must dismiss Defendants from this action.

---

[6] While Defendant Capital Club LLC denies that it has continual contacts with the State of Wyoming and therefore does not confer jurisdiction on this Court, the 10th Circuit Court of Appeals specifically held that an LLC's home state is its state of organization. "The Court therefore holds an LLC is "at home" in its state of organization and is therefore subject to general personal jurisdiction within that state consistent with the Due Process Clause." Avus Designs, Inc. v. Grezxx, LLC, 644 F.Supp.3d 963, 978 (2022) citing *Daimler*, 571 U.S. at 139, 134 S.Ct. 746.

4)    **Plaintiff's Conclusory Alter Ego Allegation Cannot Confer Personal Jurisdiction Where There is None.**

Plaintiff attempts to extend this Court's jurisdiction over Defendants through unsupported and conclusory claims that they utilized Capital Club LLC as an alter ego.

> "This Court also has personal jurisdiction over Defendant Luke and Defendant Lara because they purposefully directed their conduct toward and through Capital Club LLC, which they dominated and controlled as their alter ego. Defendants used the Wyoming entity to perpetrate fraud, misappropriate assets, and injure Plaintiff. Accordingly, jurisdiction over both individual Defendants is proper under veil piercing and alter ego principles."

Complaint ¶ 12 (emphasis added). This is the sole instance in which Plaintiff references an alter ego theory. Merely asserting that the entity is Defendants' alter ego is insufficient to withstand a motion to dismiss. Critically, Plaintiff identifies no particular conduct by Defendant Capital Club LLC—fraudulent or otherwise—that caused any harm to Plaintiff.

Capital Club LLC is a single-member limited liability company organized in Wyoming; however, merely being a member of this entity does not subject a non-resident to personal jurisdiction. "Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Indus. Park*, 810 F.2d at 1527 (quoting 4 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1069, p. 69 (1985 Supp)) (external citations omitted).

Plaintiff offers no well-pleaded facts that, even if assumed true, could substantiate the conclusory claim that Capital Club LLC operated as the alter ego of the individual Defendants.

> Under Wyoming law (1) a corporation will not be considered the alter ego of the person who controls it unless "there is such a unity of interest and ownership that" adhering to "the fiction of the

> separate existence of the corporation would ... sanction a fraud or promote injustice"; and (2) jurisdiction over a corporation's officers and directors "may not be predicated on jurisdiction over the corporation itself" and "must be based on their individual contacts with the forum state" unless "the corporation is not a viable one and the individuals are ... using the corporate form as a shield."

*Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1021 fn. 9 (10th Cir. 2020) (quoting *Ten Mile Indus. Park*, 810 F.2d at 1526–27). Plaintiff also fails to assert sufficient facts to support a finding that, even if the Court could pierce the corporate veil, jurisdiction would be conferred on Defendants.

## C.    CONCLUSION

Plaintiff has the burden of substantiating personal jurisdiction over Defendants Luke, Lara and Capital Club LLC. *Omi Holdings v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (external citations omitted). The Complaint on its face fails to make a "*prima facie* showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d. 1503, 1505 (10th Cir. 1995). Plaintiff makes no factual showing—indeed, not even a bare allegation—that Defendants purposefully directed any conduct toward or within this forum. Thus, dismissal of Defendants for lack of jurisdiction is required.[7]

---

[7] Plaintiff also asserts—without any factual basis or supporting allegations—that this Court possesses supplemental jurisdiction "because the claim arises out of the same common nucleus as the federal securities fraud claim." Complaint ¶ 10. This contention is wholly without merit. The Complaint contains no securities fraud claim whatsoever, nor any allegations that could conceivably give rise to such a claim. Plaintiff's invocation of federal securities law is therefore both legally baseless and misleading. It appears designed solely to manufacture a veneer of federal

## IV.    <u>IMPROPER VENUE</u>

### A.    STANDARD OF REVIEW

Motions to Dismiss for improper venue are brought under Rule 12(b)(3) of the Federal Rules

of Civil Procedure.

> Practice on a motion under Rule 12(b)(3) is relatively straight-
> forward. All well-pleaded allegations in the complaint bearing on
> the venue question generally are taken as true, unless contradicted
> by the defendant's affidavits. A district court may examine facts
> outside the complaint to determine whether its venue is proper. And,
> as is consistent with practice in other contexts, such as construing
> the complaint, the court must draw all reasonable inferences and
> resolve all factual conflicts in favor of the plaintiff. 5B Charles Alan
> Wright & Arthur R. Miller, Federal Practice and Procedure § 1352,
> at 324 (2004) (footnotes omitted).

*Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260–61 (10th Cir. 2012) (external citation

omitted).

### B.    LAW AND ANALYSIS

#### 1)    Venue is not Proper Under 28 U.S.C. § 1391(b)(2)

This Court is not the proper venue for this action as plead by Plaintiff.

> Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because
> Defendant Capital Club LLC is incorporated in Wyoming and a
> substantial part of the events or omissions giving rise to the claim
> occurred or are located in Wyoming.

Complaint ¶ 13. Plaintiff misapprehends and conflates the fundamental principles underlying

federal venue. Section 1391 of Title 28 of the United States Code allows a civil action to be brought

---

jurisdiction where none exists. Accordingly, this assertion should be disregarded in its entirety and

dismissed as the unfounded, inflammatory, and improper statement that it is.

in: "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C.A. § 1391(b)(2) (West). There is no meaningful connection between the alleged actions of the Defendants. The Complaint's only asserted link to Wyoming is that the entity happens to be organized here—nothing more

## V.    <u>FAILURE TO ALLEGE FRAUD WITH PARTICULARITY</u>

### A.    STANDARD OF REVIEW

Plaintiff asserts fraudulent inducement against "Defendants"; however, the allegations fail to allege alleged fraud with particularity and must therefore be dismissed. "In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims." *Haberman v. Hartford Ins. Grp.* 443 F.3d 1257, 1264 (10th Cir. 2006).

In Wyoming, the elements of fraud (which must be proven by clear and convincing evidence) are as follows: (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. *Excel Const., Inc. v. HKM Eng'g, Inc.,* 2010 WY 34, ¶ 33, 228 P.3d 40, 48 (Wyo. 2010) (citations omitted).

Rule 9 of the Wyoming Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Wyo. R. Civ. P. 9(b). While Complaints are typically "notice" pleadings, the standard is elevated when bringing a claim for fraud—general allegations do not rise to this heightened pleading requirement. "To comply with the rule the references to 'circumstances' is to matters such as the time, place, and contents of the false representations, as well as the identity of the person making

the representation and what he obtained thereby." *Elworthy v. First Tennessee Bank*, 2017 WY 33, ¶ 42, 391 P.3d 1113, 1124 (Wyo. 2017) (external citations omitted).

### B.   LAW AND ANALYSIS

Plaintiff's fraudulent inducement claim falls short of the pleading standards required to give Defendants fair notice of the nature and basis of the allegations, owing to several material deficiencies. For example, Plaintiff is not clear against whom the allegation of fraudulent inducement is made. The Complaint defines "Defendants" collectively as Defendants Luke and Lara". Complaint ¶ 7. This cause of action, however, asserts that "Defendants" made false claims. Complaint ¶ 81. Yet, all the cause of action specific to allegations of wrongdoing related to Defendant Luke and not Defendant Lara, leaving it unclear whether this claim is alleged against Defendant Lara and for what reason.

It is likewise unclear what Plaintiff was allegedly induced to relinquish or how he was entitled to it in the first place; the pleading on this point is scattered and incoherent. Plaintiff asserts he was induced to transfer: "operational control without compensation", "equity, systems, and years of operational knowhow"; "operational systems"; and "ownership and profits." The Complaint does not articulate with any clarity what Plaintiff was purportedly entitled to receive, or how such entitlement arose. Plaintiff alleges only that the parties collaborated for a time and that Defendants subsequently elected not to continue the relationship. Assuming these allegations as true, they nevertheless fail to establish any cognizable entitlement to the alleged transferred interests at a baseline level, let alone with the particularly required under Rule 9.

Plaintiff asserts that Defendant Luke assured him of the preparation of a "written buyout agreement" for Plaintiff's interest in Capital Club and a "simple settlement agreement". Once again, Plaintiff's Complaint fails to identify any agreement that purportedly granted him an

ownership interest or right to profits. There are no allegations of a formal agreement, no described mechanism for conveying an interest in Capital Club, and no written partnership or ownership documents referenced or attached to the Complaint.

Further, as noted above, it is not even clear to what entity Plaintiff refers when he uses the term "Capital Club." Plaintiff appears to have either deliberately or negligently conflated "Capital Club" with other similarly named entities, including "Capital Club Holding" and "CCIL", both of which are Hong Kong entities and owned by Plaintiff and his brother, respectively, during applicable time periods, thereby obscuring which business or legal entity is actually the subject of his allegations. Such ambiguity fails to satisfy the basic pleading requirements of Rule 8(a). Defendants cannot reasonably be expected to frame a responsive pleading, much less prepare a defense, when the complaint fails to clearly identify the entity against which claims are asserted. This lack of clarity further underscores that Plaintiff's allegations are speculative, internally inconsistent, and insufficient to state any cognizable claim for relief.

Plaintiff's alleged damages also lack the requisite specificity. For example, Plaintiff claims that his reliance on Defendants' representations, which allegedly caused him to relinquish control, resulted in "significant damages, including loss of business interests, equity ownership, and revenue, and reputational damage from Defendant Luke's false public statements about Plaintiff's exit." Complaint ¶ 83. Yet Plaintiff fails to allege with particularity how Defendant Luke's purported false statements are connected to the alleged fraudulent inducement. Nonetheless, Defendants are expected to defend against this vague and improperly pled theory as part of Plaintiff's fraudulent inducement claim.

### C.    CONCLUSION

Plaintiff offers no clear explanation as to how he acquired any partnership or ownership interest or why he was entitled to compensation. Instead, he portrays himself as instrumental to Defendant Luke's success and aggrieved by Defendants' decision to end their working relationship. Such conclusory and self-serving assertions do not constitute specific factual allegations sufficient to sustain a fraudulent inducement claim and assertion of fraud with particularity as required by Wyo. R. Civ. Proc. Rule 9(b). The claim should therefore be dismissed.

## VI.    <u>FAILURE TO STATE A CLAIM</u>

### A.    STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citations omitted).

Under Rule 12(b)(6), courts must disregard conclusory statements and determine whether the factual allegations plausibly suggest the Defendant is liable. *Khalik* 671 F.3d at 1191.

"Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Consistent with other bases for dismissal under Rule 12, once the Court should dismiss the case when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Al–Owhali v. Holder,* 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

## B.    LAW AND ANALYSIS

While complaints are governed by the notice-pleading standard of Rule 8—and motions to dismiss under Rule 12(b)(6) must be evaluated in light of that standard—even notice pleading requires that a complaint meet certain baseline requirements to survive dismissal. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Twombly,* 550 U.S. at 555 (2007)).

### 1)    Plaintiff Fails to Make a Plausible Argument for Conversion

At the outset, Defendant Capital Club LLC must be dismissed. The only allegation against Capital Club LLC is that it "converted revenue" allegedly owed to a non-party entity, CCIL. Specifically, Plaintiff asserts that "CC LLC still continued collecting millions in revenue, even though it was obligated to remit earnings to CCIL. This redirection of revenue constituted unlawful conversion." Complaint ¶ 101. However, CCIL is not a party to this action; it is a Hong Kong entity unrelated to this Complaint and owned by Plaintiff's brother, TAN BOON LONG, a.k.a. Evan Tan, during the applicable time periods. Complaint ¶ 29 and *Affidavit of Lucas Uria Theis* ¶ 10. Accordingly, Plaintiff lacks standing to assert claims on CCIL's behalf, and thus fails to state *any* cause of action against Capital Club LLC, let alone a viable one.

As to Defendants Luke and Lara, Plaintiff fails to meet his burden demonstrate plausibility. To prove conversion, Plaintiff show:

> (1) he had legal title to the converted property; (2) he either had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the

> property in a manner which denied the plaintiff his rights to use and
> enjoy the property; (4) in those cases where the defendant lawfully,
> or at least without fault, obtained possession of the property, the
> plaintiff made some demand for the property's return which the
> defendant refused; and (5) the plaintiff has suffered damage by the
> loss of the property.

*Campbell v. Davidson*, 2023 WY 100, ¶ 33, 537 P.3d 734, 744 (Wyo. 2023) (citations omitted). It

is Plaintiff's burden to make plausible claims for each element. *Khalik*, 671 F.3d at 1193. Plaintiff

fails to meet this burden, and the cause of action must be dismissed.

Plaintiff asserts he has "a rightful ownership interest in the revenue, business assets and

infrastructure of Capital Club." Complaint ¶ 90. The Complaint does not clearly specify what

property Plaintiff alleges was converted. Reading it generously, the claim appears to rely on

assertions that revenues were transferred to other entities or accounts without transparency, and

that Capital Club failed to remit earnings to CCIL. From these fragmented allegations, Plaintiff

seems to suggest that all revenues were to flow through his non-party entity, CCIL, and that any

failure to do so amounts to conversion.

Plaintiff again falls short of the most basic requirements of well-pleaded notice pleading.

"[I]n examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and

look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."

*Khalik*, 671 F.3d at 1191. "[P]lausibility refers to the scope of the allegations in a complaint: if

they are so general that they encompass a wide swath of conduct, much of it innocent, then the

plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id*. (quoting

*Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008)).

Plaintiff's theory is both legally flawed and factually insufficient, as it fails to allege the essential elements required to survive a motion to dismiss. Having failed to plead facts that give rise to a plausible claim for relief, Plaintiff's conversion claim should be dismissed in its entirety.

### 2)     Defendants breached no Fiduciary Duty to Plaintiff

Counts III and IV, alleging breaches of the fiduciary duties of care and loyalty, lack any factual or legal foundation. Plaintiff fails to identify a specific duty owed to him individually— whether by statute, operating agreement, or recognized legal relationship. Instead, he relies on conclusory language such as that "the fiduciary duty of loyalty required Defendant Luke to avoid conflicts of interest and to refrain from self-dealing or engaging in conduct that would benefit himself to the detriment of Plaintiff." Complaint ¶ 116.

Plaintiff contends that a "fiduciary relationship" arose merely because he and Defendant Luke were "co-founders and business partners" and because Defendant Luke "managed Capital Club and had access to financial and proprietary information." Complaint ¶¶ 104, 115. Even assuming those assertions to be true, they do not establish the existence of any fiduciary duty owed by Defendants to Plaintiff—an essential element of both fiduciary duty claims.

Capital Club LLC is and has always been a one member limited liability company. The duty Defendant Luke owed was to the other members (of which Plaintiff has never been) and to the entity—on whose behalf Plaintiff has no right and no standing, and for an entity he acknowledges was created without him.

> (a) A member of a member-managed limited liability company owes to the company and, subject to W.S. 17-29-901(b), the other members the fiduciary duties of loyalty and care stated in subsections (b) and (c).

Wyo. Stat. Ann. § 17-29-409 (West).

Even if Plaintiff could somehow be characterized as a member of Capital Club LLC, his unsupported and speculative assertions fail to state a plausible claim. In truth, Plaintiff has never been a member of the Limited Liability Company and was owed no fiduciary duties of loyalty or care. Without such duties, Plaintiff lacks standing to maintain his claims for breach of fiduciary duty, and those claims must be dismissed as a matter of law.

### 3)    Plaintiff Fails to Establish Any Basis for Unjust Enrichment

Plaintiff seeks to misuse the equitable doctrine of unjust enrichment to transform his alleged investment and contributions into a claim for ownership and compensation. Plaintiff incorrectly asserts that allegedly "[r]etaining the full value of those benefits while cutting Plaintiff out of ownership and denying any payment creates a textbook case for unjust enrichment." Complaint ¶ 134. Plaintiff's position reflects a fundamental misunderstanding of the legal and factual prerequisites for asserting unjust enrichment.

> In order to establish this claim, [Plaintiff] must prove that: (1) valuable services were rendered to [Defendant]; (2) these services were accepted, used, and enjoyed by [Defendant]; (3) under circumstances which reasonably notified [Defendant] that [Plaintiff] expected to be paid; and (4) without such payment, [Defendant] would be unjustly enriched.

*Union Tel. Co. v. Qwest Corp.,* 495 F.3d 1187, 1197 (10th Cir. 2007) (citing *Eisele v. Rice,* 948 P.2d 1360, 1364 (Wyo. 1997). Plaintiff's Complaint—particularly under this cause of action— repeats, in conclusory fashion, that he contributed his expertise, connections, and investments into a "a joint business venture or in furtherance of shared enterprise growth." Complaint ¶ 131. However, Plaintiff fails to allege that Defendants reasonably should have known, that he expected to be paid for those contributions. Rather, his allegations amount to nothing more than an

allegedly unprofitable investment or business venture undertaken in hopes of shared success. Because such assertions fail to establish any entitlement to relief, this claim must be dismissed.

### 4)      There is no Civil Conspiracy Among Defendants.

Plaintiff can prove no civil conspiracy if there is no tortious underlying cause of action.

> In order to bring a civil conspiracy claim, a plaintiff must state an underlying cause of action in tort. The plaintiff must then prove: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate cause thereof.

A*ction Snowmobile & RV, Inc. v. Most Wanted Performance, LLC,* 2018 WY 89, ¶ 16, 423 P.3d 317, 324 (Wyo. 2018) (quoting *White v. Shane Edeburn Constr., LLC*, 2012 WY 118, ¶ 30, 285 P.3d 949, 958 (Wyo. 2012)). Not only does Plaintiff fail to allege facts sufficient to establish the necessary elements of a civil conspiracy, but he also fails to plead any well-founded underlying tort upon which such a conspiracy could be based. Therefore, like all of Plaintiff's above causes of action, the claim for Civil Conspiracy must be dismissed for failure to state a claim upon which relief can be granted.

## VII.    <u>CONCLUSION</u>

Plaintiff's Complaint is fatally flawed and should be dismissed in its entirety. Although Plaintiff makes broad assertions regarding his alleged contributions to a business, he pleads no facts showing that his efforts created a contractual relationship or that he was ever a member of the entity. More importantly, Plaintiff has no basis to hale Defendants Luke and Lara into this Court, as they lack sufficient minimum contacts with this forum, and requiring them to defend here would offend traditional notions of fair play and substantial justice. Plaintiff fails to allege any cognizable claim against any Defendant, and the only claim asserted against Defendant Capital Club concerns the alleged conversion of property belonging to a non-party entity.

WHEREFORE, pursuant to Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure, this Court should dismiss this action in its entirety and relieve Defendants of the unjust burden of defending against a deficient complaint in a jurisdiction with which they have no meaningful connection.

DATED this 4th day of November 2025.

*/s/ Melissa R. Theriault*
Melissa R. Theriault, #6-4266
Alexander R. Taylor #8-7252
Woodhouse Roden Ames & Brennan, LLC ÷
1912 Capitol Ave., Suite 500 ÷
Cheyenne, WY  82001 ÷
(307) 432-9399
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November 2025, a true and correct copy of the foregoing document was served upon the following persons via CM/ECF.

Bradley L. Booke, #5-1676
LAW OFFICE OF BARDLEY L. BOOKE
Box 13160
Jackson, WY 83001

Raeesabbas Mohamed, Esq. (AZ Bar #027418)
RM Warner, PLC
8283 N. Hayden Rd., Suite 229
Scottsdale, AZ 85258
*Pro hac vice*

*/s/ Nichole Leibrich*
Of: Woodhouse Roden Ames & Brennan, LLC