Melissa R. Theriault, #6-4266
Alexander R. Taylor #8-7252
Woodhouse Roden Ames & Brennan, LLC
1912 Capitol Ave., Suite 500
Cheyenne, WY  82001
(307) 432-9399
melissa@wrablaw.com
alex@wrablaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TAN BOON KIAT, a.k.a STEVE TAN, AS INDIVDUAL; <br><br> Plaintiff, <br><br> vs. <br><br> LUCAS EMANUEL URIA THEIS, a.k.a LUKE BELMAR, AS INDIVIDUAL; LARA ELYSE URIA THEIS, AS INDIVIDUAL; CAPITAL CLUB LLC, A WYOMING LIMITED LIABILITY COMPANY; <br><br> Defendants. | Civil Case No. 2:25-cv-00214-KHR |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants hereby submit this *Reply Memorandum in Support of Defendants' Motion to Dismiss*.

### I.   BACKGROUND

Plaintiff's *Opposition to Defendants' Motion to Dismiss* (hereinafter "Opposition") is grounded in faulty principles and legal analysis. Specifically:

1) Plaintiff continues to take inapposite positions that conflate Capital Club LLC and the Capital Club Business declaring that Capital Club LLC was organized by Defendant Luke in 2021 and *also* that Capital Club LLC was founded by both Defendant Luke and Plaintiff in 2022. *See Opposition*, Ex. 1 *Declaration of Plaintiff Steven Tan* ("*Declaration*"), ¶¶ 2, 3, and 7.

2) Plaintiff misunderstands the holding in *Calder* 456 U.S. at 78 asserting the Court "found jurisdiction when defendants expressly aimed tortious conduct at a forum-based entity". *Opposition*, p. 8. and

3) Failure to acknowledge individual protections afforded by operating a Limited Liability Corporation.

## II.   FACTUAL ALLEGATIONS

If Plaintiff's allegations are accepted as true for purposes of this *Motion to Dismiss,* they remain consistent with Defendants' factual allegations and demonstrate that:

1) Capital Club, LLC is a single-member Wyoming limited liability corporation formed in 2021 and in which Plaintiff has never had any membership.

2) In 2022, Capital Club Business (referred to as venture by Plaintiff) was a global enterprise with no connections to the State of Wyoming other than tangential references to the use of Capital Club LLC in the venture.

3) Plaintiff has no connection to the State of Wyoming.

4) Defendants Luke and Lara have no connection to the State of Wyoming.

5) Defendants follow business formalities.

## III.   STANDARD OF REVIEW

Plaintiff may defeat a motion to dismiss by presenting evidence either uncontested allegations in its complaint or evidence in the form of an affidavit or declaration "that if true would support jurisdiction over the defendant*." XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quotation omitted). However, only the well-pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987) (quotation omitted).

## IV.    LAW AND ANALYSIS

### a.    Plaintiff fails to establish a prima facie showing of personal jurisdiction over Defendants Luke and Lara.

Defendants Luke and Lara lack any meaningful contacts with Wyoming. Plaintiff fails to establish even a prima facie basis for personal jurisdiction and instead distorts settled law to bootstrap nonexistent jurisdictional ties and improperly hale these Defendants into this Court.

Plaintiff's arguments regarding jurisdiction over Defendant's Luke and Lara can be generally distilled to the following faulty recitations of the law incorporated throughout the *Opposition*: including, that *Calder* found jurisdiction for defendant expressly aiming tortious conduct at a forum-based entity; alleged "misuse" of an entity meets the purposeful direction standard because the entity's "governance rights, membership interests, and financial assets are situated in this State as a matter of law"; and a person purposefully avails himself to the benefits of Wyoming's laws by creating, controlling, and using a Wyoming LLC. *Opposition,* p. 8.

Plaintiff's unsupported allegations disregard well-settled Wyoming law protecting individuals from being forced into a forum based on actions taken in a representative capacity for a business entity. All of Plaintiff's jurisdictional theories rest entirely on conduct allegedly undertaken by Defendants in their roles within or to the entity. Yet Plaintiff never refutes—and indeed never even addresses—the controlling case law cited by Defendants that forecloses personal jurisdiction under these circumstances.

As the Tenth Circuit has held: "Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) (quotation omitted).

Rather than grappling with this controlling authority, Plaintiff distorts the *Complaint* to apparently argue that Defendants either caused harm to Capital Club LLC or used Capital Club LLC to commit torts, and that such theories justify forcing these Puerto Rico residents, who have no contacts whatsoever with Wyoming, to defend this action here. However, such contentions are based on faulty interpretations of the law.

For example, Plaintiff's reliance on *Calder v. Jones*, 465 U.S. 783 (1984) is misplaced. Plaintiff mischaracterizes *Calder* as "finding jurisdiction when defendants expressly aimed tortious conduct at a forum-based entity," and claims it supports jurisdiction whenever defendants "used a Wyoming business to conduct operations or cause harm." *Opposition,* p. 8. *Calder* makes no such holding. To the contrary, *Calder* involved a California actress (Shirley Jones) suing two Florida journalists who authored a defamatory article specifically targeting Jones in California.

Critically, the Supreme Court emphasized that jurisdiction must be assessed individually as to each defendant—not imputed through an employer: "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). The *Calder* Court "examined the various contacts the defendants had created with California (and not just with the plaintiff) by writing the allegedly libelous story." *Walden v. Fiore*, 571 U.S. 277, 287, 134 S. Ct. 1115, 1123, 188 L. Ed. 2d 12 (2014).

> We found those forum contacts to be ample: The defendants relied on phone calls to California sources for the information in their article; they wrote the story about the plaintiff's activities in California; they caused reputational injury in California by writing an allegedly libelous article that was widely circulated in the State; and the brunt of that injury was suffered by the plaintiff in that State. In sum, California was the focal point both of the story and of the harm suffered. Jurisdiction over the defendants was therefore proper in California based on the 'effects' of their Florida conduct in California.

*Id.* at, 287 (internal quotations omitted).

Jurisdiction was proper in *Calder* because the journalists' intentional conduct expressly involved activities in California, aimed at a California resident, and were calculated to cause injury to her in California. *Calder,* 465 U.S. at 791. No such facts exist here. Plaintiff alleges no intentional conduct expressly aimed at Wyoming by these Defendants. Instead, Plaintiff attempts precisely what Wyoming law precludes: bootstrapping personal jurisdiction over individuals based solely on alleged conduct undertaken in their representative capacities through a business entity.

Plaintiff identifies no Wyoming-directed conduct by these Defendants, no Wyoming bank accounts, no Wyoming offices, and no Wyoming contacts of any kind. Instead, Plaintiff relies solely on a conclusory and legally unsupported assertion that because Wyoming is the entity's purported "home state" for purposes of general jurisdiction, any conduct involving the entity automatically confers jurisdiction over individual Defendants. That is not the law. Plaintiff cites no cogent authority supporting this proposition, and his jurisdictional arguments must therefore be rejected.

To the extent Plaintiff alleges that Defendants Luke and Lara directed their conduct at the entity and thereby harmed the entity as to confer jurisdiction in this Court, that theory fails as a matter of law. Even if such allegation was true, which is vehemently denied, Plaintiff lacks standing to assert claims for injuries allegedly sustained by the entity. Plaintiff is not a member of the Capital Club LLC and admits as much.

        *i. Contracts not at Issue in this Case do not Confer Jurisdiction on this Court.*

Plaintiff attempts to rely on the choice-of-venue and arbitration provisions in unrelated alleged contracts to manufacture personal jurisdiction over Defendants Luke and Lara in this action. Plaintiff, however, cites no authority for the proposition that consenting to law, venue, or arbitration in an unrelated contract confers personal jurisdiction over an individual for all contracts, all disputes,

or all future litigation. When a court exercises specific jurisdiction, it is dependent ". . . on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (quotation omitted). "Specific jurisdiction . . . allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020)

Accordingly, Plaintiff has failed to establish a prima facie basis for the exercise of personal jurisdiction over the individual Defendants, and this action must be dismissed.

> ii. The Court has no Specific Jurisdiction over Capital Club LLC, which must be Dismissed for Plaintiffs' Failure to State Claim.

Likewise, for the foregoing reasons, Plaintiff has failed to establish that this Court has specific jurisdiction over the Wyoming entity, Defendant Capital Club, LLC. Defendants have expressly shown that the only claim asserted against Capital Club, LLC in the Complaint is that it allegedly converted funds owed to a non-party entity. *Opposition,* p. 18. Plaintiff never refutes this dispositive point, which appears conceded. Wherefore, Capital Club, LLC must be dismissed because Plaintiff failed to state a claim against it upon which relief can be granted. The only apparent purpose of naming Capital Club LLC is as a transparent and improper attempt to manufacture jurisdiction in Wyoming where none otherwise exists.

### b. Plaintiff's Reliance on Contracts and Organizational Documents is a Baseless Attempt to Manufacture Jurisdiction Under an Unsupported Alter-Ego Theory

Plaintiff attaches formal business documents in an attempt to bolster his jurisdictional theory; however, those exhibits undermine his position. Rather than supporting any alter-ego claim, the documents affirmatively demonstrate that Defendants observe corporate formalities and maintain

the entity as a separate and independent legal existence—facts that defeat, rather than support, any theory of alter-ego liability.

Plaintiff attaches Wyoming Secretary of State filings spanning several years. Each filing shows that Defendant Luke is the sole individual executing the documents, and none reflects any Wyoming mailing address or physical presence. At the same time, these filings demonstrate Defendants' consistent compliance with corporate formalities—precisely the opposite of what is required to support an alter-ego theory.

Plaintiff also submits an unsigned promissory note between Defendant Luke and Capital Club LLC. Defendants deny that the note was ever executed but, for purposes of this *Motion to Dismiss*, the Court must resolve that dispute in Plaintiff's favor. Even assuming its authenticity, the document demonstrates the observance of financial formalities—not misconduct. It reflects that funds are not being commingled or improperly transferred, but instead handled through formal, documented transactions. To the extent Plaintiff complains that he lacks access to additional internal records and asserts mishandling of finances, his own *Declaration* establishes why he lacks this information: he is not, and has never been, a member of the entity.

Finally, Plaintiff attaches a membership interest transfer from Defendant Luke to Defendant Lara. This document further confirms Defendants' observance of business formalities and reinforces Defendants' position that the entity has always remained a single-member LLC. It likewise confirms that Plaintiff has never held any ownership interest.

Even if the Court were to consider the more fully articulated alter-ego argument raised in Plaintiff's *Memorandum*—rather than the lone, conclusory allegation in the *Complaint*—Plaintiff has failed to plead alter-ego adequately, and his own *Declaration* affirmatively defeats that theory. Plaintiff's cited cases all address instances in which the entity is alleged to have committed the fraud

or wrong-doing and its actions were then attributed to the individuals. Further, in *Christian v. Loyakk, Inc.,* 650 F. Supp. 3d 1242 (D. Wyo. 2023), the Defendant entity was dissolved and alleged to have been done so to avoid responsibilities to creditors, including the Plaintiff. *Id.* at 1266. The instant *Complaint* makes no allegations against the entity other than conversion against a third party; nor are there any allegations of this entity's lack of viability. Accordingly, Plaintiff's unsupported alter-ego allegations must be disregarded.

      c. **Plaintiff's Venue Arguments are Unpersuasive**

As to venue, Plaintiff again asserts—without appropriate factual support—that because a Wyoming entity is involved asserting that "venue depends on where the relevant property and legal interests and where the harm is felt or where a substantial part of the property that is subject to the action is situated." *Opposition*, p. 20 (citation omitted). There is no property, no legal interest, no alleged actions occurring in Wyoming, no viable alleged harm in Wyoming, and no act or omission conducted in Wyoming giving rise to *any* claim—much less a "substantial part" as required by 28 U.S.C. § 1391(b)(2). Accordingly, venue is improper in this District for this matter.

      d. **Discovery is Unwarranted and Inappropriate.**

Plaintiff alleges no facts that, even if assumed true, would confer personal jurisdiction on this Court. Accepting Plaintiff's allegations as true for purposes of this motion, the Court still lacks a constitutional basis to exercise jurisdiction over the individual Defendants. Jurisdictional discovery should not be used as a fishing expedition to manufacture jurisdiction where none has been plausibly alleged. Because Plaintiff has failed to make a prima facie showing of personal jurisdiction, jurisdictional discovery is improper and should be denied. The Tenth Circuit has repeatedly held that the district court does not abuse its discretion by denying jurisdictional discovery where there is a

"very low probability that the lack of discovery affected the outcome of this case." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004).

Plaintiff has failed to make the required prima facie showing that jurisdiction is proper or that any disputed facts, if developed, would likely confer jurisdiction on this Court. Defendants should not be forced to endure further harassment and expense defending an action brought by a Singaporean citizen against two Puerto Rico residents, where no viable claim is stated against the Wyoming entity and no alleged facts— even if proven true—would establish personal jurisdiction. Accordingly, Plaintiff's request for jurisdictional discovery should be denied.

### e. Plaintiff fails to establish particularly of fraud and plausibility of the remaining causes of action.

Plaintiff failed to resuscitate any of the causes of action in his *Opposition*. Merely reciting the elements of a cause of action is insufficient to survive a motion to dismiss. See, e.g; *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (labels, conclusions, and formulaic recitations do not suffice). Other than attempts to reframe and expand upon his *Complaint* in opposition briefing, Plaintiff cites no new authority or cogent argument demonstrating that he has pled fraud with particularity under Rule 9(b), or any other cause of action with the plausibility required. See *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

#### i. Joint Venture is not Sufficiently Alleged

Other than in the Unjust Enrichment cause of action, the *Complaint* never specifically identifies the parties' dealings as a "joint venture." Plaintiff now attempts to salvage a duty-of-loyalty theory by invoking joint-venture principles in his *Opposition*. Even if joint-venture law were applicable, Plaintiff must first establish the existence of a joint venture. Under Wyoming law, "[a] joint venture sounds in and is founded on contract." *Madrid v. Norton*, 596 P.2d 1108 (Wyo. 1979).

Further, Wyoming courts have long held that the courts interpret contracts but do not make contracts for the parties which they have not made. *Phillips v. Hamilton*, 17 Wyo. 41, 95 P. 846, 848 (1908).

Plaintiff never sets forth the elements of creation of a joint venture. Plaintiff's conclusory assertions that Defendants owed and breached fiduciary duties are unsupported and legally insufficient. Plaintiff's *Complaint* shows no contract, but an abandoned investment opportunity.

### ii. Plaintiff Fails to Allege all Elements of Unjust Enrichment

Plaintiff's *Opposition* does not address Defendants' claim that Plaintiff failed to allege all four elements of unjust enrichment; specifically, that Defendants should have known Plaintiff expected compensation for the alleged services. This failure is fatal under Wyoming law. See *SeedX, Inc. v. Lincoln Strategy Grp. LLC*, 158 F. 4th 1166 (10th Cir. 2025), in which the Court dismissed unjust enrichment claim for failing to plausibly allege that Defendant was notified of Plaintiff's expectation of repayment). *Id.* at 1175.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff has failed to meet his burden to establish personal jurisdiction or proper venue and has likewise failed to state any claim upon which relief can be granted. Plaintiff's claims are premised on conclusory allegations, unsupported legal theories, and arguments raised for the first time in opposition to Defendants' Motion to Dismiss. Plaintiff has not pled fraud with particularity, has not alleged the existence of any enforceable contract or joint venture giving rise to fiduciary duties, and has not stated a viable claim for unjust enrichment under Wyoming law. In light of Plaintiff's own admissions and the undisputed documentary record, this action should be dismissed in its entirety with prejudice.

DATED this 9th day of December 2025.

/s/ Melissa R. Theriault
Melissa R. Theriault, #6-4266
Alexander R. Taylor #8-7252
Woodhouse Roden Ames & Brennan, LLC ÷
1912 Capitol Ave., Suite 500  ÷
Cheyenne, WY  82001 ÷
(307) 432-9399
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December 2025, a true and correct copy of the foregoing document was served upon the following persons via CM/ECF.

Bradley L. Booke
LAW OFFICE OF BARDLEY L. BOOKE
Box 13160
Jackson, WY 83001

Raeesabbas Mohamed
RM Warner, PLC
8283 N. Hayden Rd., Suite 229
Scottsdale, AZ 85258
*Pro hac vice*

/s/ Melissa R. Theriault
Of: Woodhouse Roden Ames & Brennan, LLC